The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modifications to Finding of Fact Number 12, Conclusion of Law Number 2 and Order Number 1.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Plaintiff-employee is Randall Joey Gardner.
2. Defendant-employer is McGee Trucking Company, Inc.
3. The carrier on the risk at the time of the alleged injury by accident was Association Risk Management Service Company.
4. Defendant-employer regularly employees three or more employees and is bound by the North Carolina Workers' Compensation Act. The employer-employee relationship existed between the employer and the employee on or about 12 May 1992, the alleged date of injury.
5. The average weekly wage will be determined by I.C. Form 22.
6. Plaintiff's claim is for injury to his head arising out of and in the course of his employment. Defendant-employer disputes whether plaintiff sustained a compensable injury to his head on or about 12 May 1992.
7. The parties stipulated that three pages of treatment notes and radiological reports from Dr. Finch, treating physician at of Rutherford Hospital, dated May 29, 1992 may be received into evidence.
8. The parties have stipulated that the issues before the Full Commission are whether plaintiff was injured as a result of an accident which arose out of and in the course of his employment with defendant-employer; and if so, whether temporary total disability compensation is due through 25 July 1995, when Dr. Morganstern was deposed.
* * * * * * * * * * * *
RULINGS ON EVIDENTIARY MATTERS
All objections raised during the depositions of Dr. Morganstern, Dr. Taylor and Jeff Moffat are ruled upon in accordance with the law and Opinion and Award rendered in this matter.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 12 May 1992 plaintiff was a 36 year old male employed by defendant-employer as a long distance driver and had been so employed with defendant-employer for approximately one year. Plaintiff had previously been employed with defendant-employer three to four years before May 1992. In early May 1992 plaintiff left North Carolina in a truck owned by defendant-employer with a load of chickens bound for a delivery site in San Jose, California.
2. On or about 12 May 1992 plaintiff was in Ontario, California where he cashed a two hundred dollar check issued from defendant-employer. After that time defendant-employer lost contact with plaintiff and did not hear from plaintiff until approximately ten days later when the plaintiff called the defendant-employer from Dallas, Texas. On or about 12 May 1992, the truck that plaintiff had been driving and the load of chickens in the truck were stolen. Defendant-employer subsequently provided air transportation for plaintiff from Dallas to North Carolina.
3. Upon his return to North Carolina, plaintiff appeared to have suffered a head injury. Since that time plaintiff has suffered from short-term memory difficulty and has had difficulty completing tasks. He has behavioral difficulties which have led him to impulsive outbursts and agitation, chronic painful conditions and headaches. He has suffered from seizure-type episodes and depression resulting from his condition. Plaintiff has an inability to remember events and has chronic sleep disturbance.
4. Plaintiff has a conflicting and unclear memory of the events surrounding his head injury and the theft of his truck. He remembers being struck on the head by the individuals who stole the truck he was driving. Plaintiff remains disoriented regarding the events which occurred on or about 12 May 1992 and the events which led up to his arrival in Dallas, Texas where his brother resides. Plaintiff continues to have conflicting memories regarding the circumstances giving rise to his head injury on 12 May 1992 although he believes that he returned to the truck after having taking a shower in the truck stop in Ontario, California when more than one assailant approached him and struck him on the back of the head, thereafter stealing his truck. However, the exact cause of plaintiff's head injury remains unexplained.
5. As a traveling employee, plaintiff was within the course and scope of his employment with defendant while stopping at the Ontario, California truck stop during the course of his trip from North Carolina to San Jose. The nature of his injury clearly establishes that he sustained some sort of accident. An assault and closed head injury would only have resulted from an unexpected occurrence.
6. Although taking a shower and attending to other personal hygiene and nourishment needs are a necessary requirement of life, plaintiff's injury was not the result of risks normally associated with these activities. He was in an unfamiliar environment which created risks to which he would not have been exposed had he been taking care of these needs at home, and his injury was a natural and probable result of a risk associated with his having to take care of these needs at a truck stop while on the road in the course of his duties as a long distance truck driver. Consequently, he sustained an injury by accident arising out of and in the course of his employment with defendants on 12 May 1992.
7. Upon his return to North Carolina, plaintiff first sought medical treatment with Dr. Finch on 29 May 1992 presenting with bizarre behavior, slurred speech, numbness on his left side and an inability to remember. He was referred by Dr. Finch to Dr. Reid Taylor who evaluated him on 2 June 1992.
8. Plaintiff was then admitted on 28 July 1992 to the VA Hospital in Asheville where he was first treated by Dr. Morganstern. At admission plaintiff was confused and agitated with memory problems and trouble relating a clear sequence of events. Plaintiff remained as an inpatient on the psychiatric ward from 27 July 1992 through 4 August 1992. Plaintiff was re-admitted on 9 August 1992 and released on 12 August 1992. Plaintiff was thereafter seen for routine follow-up in September 1992 and had to be re-admitted in December 1992 for a seizure-type episode which required inpatient treatment. Plaintiff was re-admitted for inpatient treatment in March 1993 and was seen in the emergency room in November 1993 and February 1994. Plaintiff was re-admitted to the VA inpatient psychiatric ward on 13 April 1995 and remained there until 10 May 1995.
9. As a direct and proximate result of his 12 May 1992 injury by accident arising out of and in the course of his employment with defendant-employer, plaintiff suffered a closed head injury resulting in organic mental syndrome with possible seizure disorder, chronic daily headaches and reactive depression.
10. As a result of his closed head injury with organic mental syndrome, plaintiff suffers from sleep disturbance, headaches, seizure-type episodes, memory disorders, daily headaches and reactive depression as well as mood disturbance. Plaintiff is currently taking Paxil and Tegretol for these symptoms.
11. As a result of plaintiff's 12 May 1992 injury by accident, plaintiff was unable to work from 13 May 1992 through and including the stipulated date of the deposition of Dr. Eva Morganstern, 25 July 1995.
12. Plaintiff's average weekly wage on 12 May 1992 was $206.64, yielding a compensation rate of $137.77.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 12 May 1992 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendants. As a traveling employee, he was within the course of his employment continuously while on the trip and the assault was a risk associated with the travel required by his employment. N.C. Gen. Stat. § 97-2 (6).
2. Plaintiff is entitled to compensation at the rate of $137.77 per week for the period beginning 13 May 1992 through and including 25 July 1995 for the temporary total disability he sustained as a result of this injury by accident. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendants provide all medical treatment arising from this injury by accident to the extent it tends to effect a cure, give relief or lessen his disability. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Defendants shall pay compensation to the plaintiff at the rate of $137.77 per week for the period 12 May 1992 through and including 25 July 1995 for his temporary total disability. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee approved in Paragraph 3.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of his injury by accident, including those arising from any necessary future treatment, when bills for the same have been submitted through the defendants to the Industrial Commission and approved by the Commission.
3. An attorney's fee in the amount of 25% is approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to plaintiff's counsel.
4. Defendants shall pay the costs.
This the 31st day of July 1997.
 S/ _____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________ LAWRENCE SHUPING, JR. DEPUTY COMMISSIONER
S/ _____________ PHILLIP HOLMES DEPUTY COMMISSIONER
DCS:jmf